UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>                  Plaintiff,<br><br>v.<br><br>PLAZA BONITA, L.P., *et al.*,<br><br>                  Defendants. | Case No.: 09-CV-1581-JLS-WVG<br><br>**ORDER ON MOTION FOR LIMITED ACCESS TO VIEW DOCUMENTS FILED UNDER SEAL AT DKT. 306** |

## I.     INTRODUCTION

On October 24, 2019, Flava Enterprises, Inc. ("Defendant") filed a Motion for Limited Access to View Documents Filed under Seal at Dkt. 306 ("Motion"). (Doc. No. 314.) The Motion was set for hearing on November 21, 2019 at 1:30 p.m. before Judge Sammartino. Subsequently, on November 19, 2019, Judge Sammartino issued an order taking the Motion under submission without oral argument. (Doc. No. 319.) Most recently, on June 11, 2020, Judge Sammartino referred the matter to this Court for adjudication. Accordingly, having reviewed and considered Defendant's Motion and Plaintiff's Response in Opposition (Doc. No. 316), the Court DENIES Defendant's Motion for the reasons explained below.

## II. PROCEDURAL HISTORY

On September 30, 2019, Plaintiff submitted two matters for this Court's resolution, namely an Ex Parte Motion to Vacate Sanctions Award ("Ex Parte Application") (Doc. No. 304) and a related Motion to File Documents under Seal ("Motion to Seal") (Doc. No. 305). On that same day, in connection with the Motion to Seal, Plaintiff filed accompanying documents under seal for the Court's consideration. (Doc. No. 306.) Plaintiff's Ex Parte Application turned on certain confidential facts that were memorialized in those sealed documents. (Doc. No. 306.) On October 1, 2019, Defendant filed its Opposition to the Ex Parte Application and the Motion to Seal. (Doc. No. 307.) On October 15, 2019, the Court, after considering Plaintiff's moving papers and the entirety of Defendant's Opposition, issued its order on the then-pending matters. In doing so, the Court denied Plaintiff's Ex Parte Application and granted the Motion to Seal. (Doc. No. 309.) On October 24, 2019, Defendant filed the instant Motion for Limited Access to View Documents Filed under Seal at Dkt. 306. (Doc. No. 314.)

## III. DISCUSSION

Defendant's Motion seeks leave to view documents Plaintiff filed under seal on September 30, 2019 in connection with Plaintiff's then-pending Ex Parte Application and Motion to Seal. Though not styled as such, Defendant's Motion for Limited Access to View Documents Filed under Seal is essentially a motion for reconsideration of the Court's October 15, 2019 Order denying Plaintiff's Ex Parte Application and granting Plaintiff's Motion to Seal. In relevant part, the Court's Order permitted Plaintiff to file certain confidential documents under seal and thereby "protect[ed] from public record the disclosure of counsel's declaration's contents." (Doc. No. 309, 4:4-5.) To date, consistent with the Court's ruling, Plaintiff's sealed documents remain protected from public disclosure, and such non-disclosure necessarily extends to Defendant and defense counsel. Precisely for this reason, Defendant asks the Court to reconsider its October 15, 2019 Order and allow Defendant to peer behind the curtain "in the interests of justice." (Doc. No. 314-1, 3:13.)

The Court declines to grant Defendant's Motion for a number of reasons. As an initial matter, Defendant fails to define what *particular* "interests of justice" would be compromised if the Court were to maintain the status quo. In turn, the Court strains to find any legitimate interest favoring disclosure of Plaintiff's sealed documents to Defendant. In its October 15, 2019 Order, the Court denied Plaintiff's Ex Parte Application seeking relief from the November 27, 2012 Sanctions Order (Doc. No. 262) against Plaintiff in favor of Defendant. As such, Defendant stands to lose nothing from remaining in the proverbial dark as to Plaintiff's sealed documents and has much to gain with the Court's sanctions award against Plaintiff still intact. Defendant's supplemental argument that it is entitled to disclosure "if only to ensure that the Hubbards don't attempt to seek reconsideration of an already-adjudicated matter" in ongoing collection proceedings in the Eastern District Court is equally unpersuasive. Such a position is rooted exclusively in conjecture. It also fails to explain what prejudice will befall Defendant if, at some uncertain time in the future, Plaintiff attempts to rehash its filings in this Court before the Eastern District.

Moreover, Defendant fails to meet the legal standard that applies to the instant Motion, namely Rule 60(b) of the Federal Rules of Civil Procedure which governs motions for reconsideration. Rule 60(b) allows the Court to relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or that is based on an earlier judgment that has been reversed or vacated; or in circumstances where applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Importantly, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances [exist]." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th

Cir.1986) (quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir.1981) ["[C]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.' The clause is reserved for 'extraordinary circumstances'"]).

None of the first five enumerated grounds for relief arising under Rule 60(b) are present in the instant Motion. Further, Defendant fails to satisfy the catch-all provision under Rule 60(b)(6). Defendant's Motion wholly lacks evidence of "manifest injustice" that would result from non-disclosure of Plaintiff's sealed documents. The Motion also does not set forth any of "extraordinary circumstances" that would otherwise support disclosure. Instead, Defendant resorts to admonishing Plaintiff's Ex Parte Application filing and bolsters such admonishment by citing to the Court's October 15, 2019 Order noting the impropriety of Plaintiff's filing. Plaintiff's filing, however inappropriate, is no substitute for Defendant's obligation to meet its burden under Rule 60(b)(6). Plaintiff's erroneous filing certainly does not justify violating Plaintiff's privacy rights by disclosing Plaintiff's confidential documents filed under seal. Defendant's argument to the contrary is legally unsound under Rule 60(b) or otherwise.

Glaringly, Defendant's Motion endeavors to exploit Plaintiff's misstep in filing an ex parte application for purposes of gleaning Plaintiff's sensitive information as memorialized in Plaintiff's documents filed under seal on September 30, 2019. For the reasons above, the Court will not legitimize Defendant's efforts to undo the privacy protections afforded to Plaintiff's sealed documents. Accordingly, the Court DENIES Defendant's Motion for Limited Access to View Documents Filed under Seal at Dkt. 306 and the Court's October 15, 2019 Order (Doc. No. 309) remains in full force and effort.

**IT IS SO ORDERED.**

Dated: June 17, 2020

Hon. William V. Gallo
United States Magistrate Judge