UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>                                    Plaintiff,<br><br>v.<br><br>PLAZA BONITA, LP, et. al.,<br><br>                                    Defendants. | Case No.: 09-CV-1581 JLS (JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S COUNSEL'S MOTION FOR ORDER AUTHORIZING DEPOSIT PER FRCP 67 AND L.R. 67.1.a.1**<br><br>(ECF No. 301) |

Presently before the Court is counsel for Defendant Flava Enterprises' Motion for Order Authorizing Deposit per FRCP 67 and L.R. 67.1.a.1 ("Mot." ECF. No. 301). The Court vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 319. Having carefully reviewed the Motion, counsels' arguments and evidence, and the relevant law, the Court **DENIES WITHOUT PREJUDICE** the Motion.

### BACKGROUND

On July 22, 2009, Plaintiff Barbara Hubbard filed a complaint under the Americans with Disabilities Act ("ADA") against Plaza Bonita Shopping Center and a majority of its tenants, including Defendant Flava Enterprises. *See* ECF No. 1. During the course of litigation, Plaintiff's counsel, Lynn J. Hubbard III ("Lynn Hubbard") of the Disabled

Advocacy Group, APLC ("DAG"), falsified Plaintiff's signature on the proposed settlement agreement between Plaintiff and Defendant. *See* ECF No. 262. On November 27, 2012, Magistrate Judge William V. Gallo assessed $55,224.05 in monetary sanctions against Lynn Hubbard to be paid to Defendant's counsel, David Warren Peters, for the litigation fees and costs resulting from the falsified signature. *See* ECF No. 262. On July 24, 2013, this Court upheld the majority of the Judge Gallo's November 27, 2012 order but reduced the sanctions award to $49,056.05. *See* ECF No. 280. Lynn Hubbard made multiple attempts to appeal the Order, including an appeal to the United States Supreme Court, *Hubbard v. Plaza Bonita, LP*, No. 15-1536 (U.S. filed June 14, 2016), but each appeal was ultimately unsuccessful. *See* ECF Nos. 290, 297. Despite the substantial time elapsed since the sanctions order, Mr. Peters alleges that Lynn Hubbard's sanctions remain unpaid. *See* Mot. at 2.

On July 16, 2019, the United States District Court for the Central District of California, the Honorable Dale S. Fischer presiding, issued an order in an unrelated case, *Rocca v. Denco*, No. 2:16-cv-08997-DSF-AFM (C.D. Cal.), involving Mr. Peters and Scottlynn J. Hubbard, IV ("Scottlynn Hubbard"), the son of Lynn Hubbard and now the sole shareholder and managing lawyer of DAG. ECF No. 301-1 ("Mot. Mem.") at 1, 3. Judge Fischer ordered Mr. Peters to pay Scottlynn Hubbard $3,000 ("the *Rocca* Sanctions"). *See* Mot. at 2. In response to the order, on September 29, 2019, counsel for the Defendant filed the instant Motion, seeking to withhold the *Rocca* Sanctions from Scottlynn Hubbard while Lynn Hubbard's sanctions in this action remain unpaid. *See id.* at 6–7.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 67(a), "if any part of the relief sought is a money judgment," a Party "may deposit with the court all or part of the money." "However, there are situations in which a litigant may wish to be relieved of responsibility for a sum. . . but continue to claim an interest in all or part of it." Fed. R. Civ. P. 67(a) advisory committee's note (1983).

1  The purpose behind Rule 67 is to "relieve the depositor of responsibility for a fund in dispute." *See* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2991 (2d ed. 1997). Therefore, to grant a Rule 67 motion, a court must find the funds in question to be genuinely "in dispute." *See Gulf State Util. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir.), *as amended*, 831 F.2d 557 (5th Cir. 1987), *cited with approval in Gordon v. Prudential Fin. Inc.*, No. 06CV02304-IEG, 2009 WL 188886, at *5 (S.D. Cal. Jan. 23, 2009); *see also Standard Ins. Co. v. Saklad*, 64 F.3d 667, at *1 (9th Cir. 1995) (upholding a Rule 67 motion where the deposit funds were in dispute) (Table decision); *Baxter v. United Forest Prods. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969) ("Rule 67 was intended to apply only to a fund that is in dispute."). Further, the dispute in question must be current at the time of the motion. *Alstom Caribe, Inc. v. George P. Reintijes Co.*, 484 F.3d 106 (1st Cir. 2007) ("[T]he entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion.") (citing *Mfrs. Hanover Overseas Cap. Corp. v. Southwire Co.*, 589 F. Supp 214, 221 (S.D.N.Y. 1984)).

Ultimately, the Court retains the "sound discretion" to decide whether or not to allow a Rule 67 Motion. *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) (quoting *Gulf State Util. Co.*, 824 F.2d at 1474), *cited with approval in Star Envirotech, Inc. v. Redline Detection, LLC*, No. SA CV 12-1861-JGB, 2016 WL 1069039 at *6 (C.D. Cal. Mar. 17, 2016); *In re 1563 28th Ave., San Francisco, CA 94112*, 333 F.R.D. 630, 635 (N.D. Cal 2019).

## ANALYSIS

In this case, before exercising its discretion to grant the relief sought, the Court must determine whether the funds in question—sanctions ordered in an unrelated case in the Central District of California requiring Mr. Peters to pay Scottlynn Hubbard $3,000—are genuinely "in dispute." Mr. Peters argues that Court should grant the Motion to further a more equitable outcome and to stop Scottlynn Hubbard from abusing the judicial system. Mot. Mem at 2; *see also* ECF No. 317 ("Reply") at 6. If the Court grants Mr. Peters'

Motion, Mr. Peters can fulfill the Central District court order while ensuring the deposit remains recoverable from Scottlynn Hubbard and DAG. Mot. at 6–7. Scottlynn Hubbard counters that there is no dispute concerning the *Rocca* Sanctions because the sanctions ordered in this action against Lynn Hubbard did not include Scottlynn Hubbard or DAG. ECF No. 315 ("Opp'n") at 2; *see also* ECF Nos. 280. Further, Mr. Peters does not plan to contest the *Rocca* Sanctions. *See* Mot. Mem. at 1.

The Court agrees with Scottlynn Hubbard that, because the *Rocca* Sanctions are not in dispute, there is no dispute concerning the funds that are the subject of the instant Motion. Accordingly, there is no reason for the Court to grant the Motion. *See, e.g.*, *Baxter*, 406 F.2d at 1126.

Further, even if the Court were to accept Mr. Peters' claim of a future dispute concerning these funds, Mr. Peters fails to provide an explanation for the substantial gap in time between the original Judgment, entered September 6, 2013, *see* ECF No. 289, and the motion to amend the judgment anticipated by the instant Motion, *see* Mot. at 4–5; Reply at 2–5, filed nearly seven years later. Pursuant to Federal Rule of Procedure 69(a), federal courts should "rely on state law to add judgment-debtors." *In re Levander*, 180 F.3d 1114, 1120–21 (9th Cir. 1999). Pursuant to California Code of Civil Procedure section 187, which applies here, *see In re Levander*, 180 F.3d at 1123, a motion to amend a judgment must be made within a reasonable timeframe. *See, e.g.*, *Alexander v. Abbey of the Chimes*, 104 Cal. App. 3d 39, 48 (1980) (finding the court abused its discretion in granting a motion to add an additional debtor after a seven-year delay in seeking to amend the judgment); *cf. Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412 (9th Cir. 1998) (holding a seven-and-one-half month delay in seeking to amend the judgment was reasonable). In *Alexander*, for example, the movant made no explanation for the substantial delay in filing and provided no suggestion he was unaware of the requested additional judgment-debtor's connection to the original debtor at the time of trial. *Alexander*, 104 Cal. App. 3d at 48.

///

Like the movant in *Alexander*, Mr. Peters does not provide any reason for the substantial delay in seeking to amend the judgment to add an additional judgment-debtor. *See* 104 Cal. App. 3d at 48. Additionally, there is nothing to suggest that Mr. Peters was unaware of the proposed additional judgment-debtor's involvement during the original dispute. Accordingly, it would be improper for the Court to exercise its discretion to allow Mr. Peters to deposit the *Rocca* Sanctions with this Court. *See Alexander*, 104 Cal. App. 3d at 48.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Mr. Peters' Motion (ECF No. 301).

**IT IS SO ORDERED.**

Dated: June 23, 2020

Hon. Janis L. Sammartino
United States District Judge